UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAMARIS RAMOS,

    Petitioner,

v.                                        Case No.  4:11cv144/MP/CJK

WARDEN TAYLOR,

    Respondent.
_____/

REPORT AND RECOMMENDATION

        Petitioner commenced this action on April 8, 2011, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  Petitioner claims the Bureau of Prisons ("BOP") improperly determined her to be ineligible for early release under 18 U.S.C. § 3621.  (Doc. 1, p. 3).  As relief, petitioner seeks to be "re-considered for early release eligibility under 3621 upon successful completion of RDAP based on the partiality and unfairness BOP has shown when implementing this policy to exclude certain individuals and based on the fact that the precluding crime is not a crime of violence."  (Doc. 1, p. 6).  Respondent filed an answer on September 26, 2011.  (Doc. 9).  The case was reassigned to the undersigned on April 21, 2014.  (Doc. 11).

        Upon determining that petitioner had been released from the incarceration portion of her sentence, the court entered an order on April 22, 2014, directing the parties to advise the court in writing of their positions concerning the jurisdictional

question of whether this case was rendered moot by petitioner's release from incarceration. (Doc. 12). In response, respondent filed a motion to dismiss this case as moot. (Doc. 13). A copy of the April 22, 2014, order was mailed to petitioner at her address of record; however, it was returned as undeliverable on May 5, 2014. (Doc. 15). Petitioner has not notified the court of her new address or responded to the April 22, 2014, order.

Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). The case or controversy requirement continues through all stages of federal judicial proceedings and requires that parties have a personal stake in the outcome. *Lewis*, 494 U.S. at 477-478, 110 S. Ct. 1249. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (*quoting Lewis*, 494 U.S. at 477, 110 S. Ct. 1249). A federal court lacks the power to decide questions that cannot affect the rights of litigants before it. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] claim is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) ("[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."). A case that is moot must be dismissed for lack of jurisdiction. *Id*.

In the habeas context, a prisoner's "challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury,

caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7, 118 S. Ct. 978.  Once a sentence has expired, however, some continuing injury, also referred to as a "collateral consequence," must exist for the action to continue.  *Id*.  The Supreme Court was previously willing to presume that such collateral consequences remain after the expiration of a petitioner's sentence where it is the legality of the conviction that is challenged.  *Cafaras v. LaVallee*, 391 U.S. 234, 237-238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968); *Sibron v. New York*, 392 U.S. 40, 55, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968).  However, where a petitioner is challenging only the legality of his or her sentence, rather than the underlying conviction itself, this presumption no longer applies.  *Lane v. Williams*, 455 U.S. 624, 632-33, 102 S. Ct. 1322, 71 L. Ed. 2d 508 (1982) (declining to extend the presumption of collateral consequences in the context of a challenge to a mandatory parole violator term when, during the pendency of the litigation, the term expired); *Spencer*, 523 U.S. at 14 ("declin[ing] to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation" once that term expired).  Release from custody renders a habeas action moot unless the petitioner can show the existence of some collateral consequences arising upon the expiration of his sentence.  *Spencer*, 523 U.S. at 14.

Here, petitioner challenges only the BOP's execution of the incarceration portion of her sentence – the procedures used to determine her eligibility for early release upon successful completion of a Residential Drug Abuse Program.  As relief, petitioner requests that the BOP reconsider her "for early release eligibility under 3621 upon successful completion of RDAP." (Doc. 1, p. 6).  The record establishes that petitioner has been released from incarceration. (Doc. 14, Ex. 1).  As petitioner presently has no interest in the procedures followed by the BOP in determining her

early release eligibility, her habeas petition is moot and should be dismissed. *See, e.g., Muniz v. Sabol*, 517 F.3d 29, 34 (1st Cir. 2008) (federal prisoner's § 2241 petition challenging BOP's denial of placement in a Residential Reentry Center was mooted by petitioner's release from custody); *Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (habeas petition challenging state's calculation of gain time credits was mooted by petitioner's release from custody); *Biester v. Lanier*, 249 F. App'x 782, 783 (11th Cir. 2007) (habeas petitioner's due process and equal protection claims based on denial of parole, pre-release placement in a transitional center, and work incentive credits were moot where petitioner was released from custody during pendency of the action). Although it appears that petitioner is now serving a term of supervised release (doc. 13, Ex. 1, p. 4), petitioner's petition does not challenge the validity or reasonableness of that aspect of petitioner's custody, nor does it seek relief from the terms or conditions of supervised release. *Cf. Mitchell v. Middlebrooks*, 287 F. App'x 772, 775 (11th Cir. July 18, 2008) (holding that § 2241 petition challenging BOP's determination that petitioner did not qualify for early release after petitioner completed RDAP program was not moot because petitioner was serving term of supervised release, <u>petitioner's amended petition sought the termination of his supervised release, and it was possible petitioner could receive a reduced term of supervised release from the district court if he succeeded on the merits of his petition</u>). Even if petitioner amended her petition to include a request that her supervised release be modified (something petitioner has not done), this court is without jurisdiction to make a determination concerning petitioner's supervised release as that determination must be made by the sentencing court (here, the United States District Court for the Middle District of Florida). *See* § 18 U.S.C. 3583(e)(2)

(authorizing the sentencing court to impose and modify a term of supervised release); 18 U.S.C. § 3605 (authorizing a court to exercise jurisdiction over a person on supervised release if such jurisdiction has been transferred by the sentencing court). Petitioner was not sentenced in this district court. A pronouncement by this court concerning petitioner's § 2241 allegations would not result in "specific relief through a decree of a conclusive character" with regard to modification of petitioner's sentence. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) (citation and internal quotation marks omitted).

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 13) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1) be DISMISSED as moot or, alternatively, for petitioner's failure to comply with an order of the court and failure to keep the court informed of her current address.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of May, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).